[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, originally filed by writ, summons and complaint, dated July 5, 1994, the plaintiff, John Belli, alleges that the defendant, K Mart Corporation was negligent in; apprehending him, thereby causing injuries for which the plaintiff seeks damages. The defendant answered and raised a special defense of self defense and also filed a counterclaim against the plaintiff, pursuant to General Statute Section 52-564a entitled "Liability for Shoplifting."
The issues having been joined, the court after a full trial based on a preponderance of the credible, relevant, reliable and legally admissible evidence finds, determines and rules as follows:
On or about April 16, 1993, at approximately 11:30 a.m., the plaintiff, who is over the age of 18, while on the premises of the defendant a department store secreted upon his person a portable telephone and a telephone answering machine and departed the store without paying, for the stolen items. The plaintiff admitted on the witness stand that he entered the subject store for the purpose of shoplifting which he did in fact, commit.
The plaintiff was observed by a security officer, employed by the defendant, in the act of secreting the items and followed him out of the store. The officer apprehended the plaintiff but in the course of detaining him, the plaintiff resisted and in the ensuing struggle both parties fell to the ground and while falling the plaintiff struck his head on the bumper of a car resulting in an injury to the right and above his left eye. The court expressly finds the plaintiff's assertion that he did not resist apprehension totally false as was most of his testimony. The proximate cause of the plaintiff's injury was his own misconduct in resisting a lawful detention authorized by General Statute Section 53a-119a(b). The court finds that the security officer acted as would a reasonably prudent person in defending himself during the course of detaining a party whom the security officer has reasonable grounds to believe was committing a larceny of goods on the premises of the defendant. General Statute Section 53a-119a(a).
Count one of the plaintiff's complaint was withdrawn at trial. The court finds the issues for the defendant on Count Two of the plaintiff's complaint. CT Page 1381
The court finds for the defendant on its counterclaim brought pursuant to General Statute Section 52-564a. The defendant recovered the stolen property and is entitled to court costs, reasonable attorney's fees and punitive damages.
Accordingly judgment may enter for the defendant on the Second Count of the plaintiff's complaint, with costs of suit.
Further, judgment may enter for the defendant, on its counterclaim, to recover cost of suit, reasonable attorney fees generated in the trial of the counterclaim in the amount of $750.00 and punitive damages in the amount of $300.00.
SPALLONE STATE TRIAL REFEREE